UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHILOH INDUSTRIES, INC.,
a Delaware corporation

        Plaintiff,                        CASE NO. 05-74127

-vs-                                            PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

STARK REAGAN, P.C., a Michigan
professional corporation, and
JOSEPH C. BIRD, an individual,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Presently before the Court is Plaintiff Shiloh Industries, Inc.'s ("Plaintiff Shiloh" or "Shiloh") Motions for Reconsideration of the Court's April 18, 2006 Order Granting Summary Judgment to Defendants' Stark Reagan, P.C., ("Stark Reagan") and Joseph C. Bird's ("Attorney Bird") (collectively, "Defendants").

Local Rule 7.1(g) governs motions for reconsideration, and states, *inter alia:*

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Plaintiff argues that it was palpable defect for this Court to grant judgment to Defendants, when Defendants had "filed a motion to dismiss and *alternatively* sought summary judgment."

1

(Pl.'s Mot. 4-5) (emphasis in original). Plaintiff contends that this Court should have decided Defendants' Motion to Dismiss prior to ruling on the Motion for Summary Judgment. In so doing, Plaintiff hoped to avoid having judgment rendered against it by this Court.

It is well established by the Sixth Circuit and the Federal Rules of Civil Procedure that a district court may properly characterize a motion to dismiss as a motion for summary judgment where the court considers matters outside the pleadings. *See, e.g., Vintilla v. City of Rocky River*, 96 Fed. Appx. 274, 276 (6th Cir. 2004); *Soper by Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998); *see also* FED. R. CIV. P. 12(b):

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

There is no authority for Plaintiff's argument that a court may not grant summary judgment on an issue that might have also been properly dismissed. The above authorities make evident that Plaintiff's position is incorrect.

The Court clearly considered facts outside the pleadings in granting summary judgment to Defendants. These additional facts included the state court pleadings submitted by Plaintiff Shiloh's subsidiary Greenfield Die and Manufacturing, a Michigan corporation ("Greenfield"), in which Greenfield, not Shiloh, filed a motion to have the funds in question returned to it. Comparing those pleadings to the ones filed by Shiloh in the instant case, the Court found disingenuous Plaintiff's argument in this forum that the money now really belongs to Shiloh, not Greenfield. Thus, the Court granted judgment to Defendants based upon Greenfield being an

indispensable party to these proceedings. Granting judgment in turn meant that this Court no longer had diversity jurisdiction over this matter, because Greenfield is not diverse from the present Defendants.

Moreover, Plaintiff itself submitted several state court hearing transcripts and judgments, as well as the writ of execution and a copy of the check it submitted to Defendants in its response to Defendants' motion. This indicates Plaintiff's own willingness for this Court to consider facts outside the pleadings.

Accordingly, because the Court relied upon facts outside the pleadings, and because Plaintiff submitted documents outside the pleadings for consideration, an action consistent with summary judgment considerations, this Court finds that it was proper to treat Defendants' motion as a Motion for Summary Judgment.

Plaintiff's Motion for Reconsideration is DENIED.

**SO ORDERED.**

                    S/Paul D. Borman
                    PAUL D. BORMAN
                    UNITED STATES DISTRICT JUDGE

Dated: June 2, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 2, 2006.

                    S/Jonie Parker
                    Case Manager